SHEPARD, Chief Justice,
concurring in result.
I join in today's disposition and in directing that judgment be entered for $6,000. The Court's harmonization of the several sections of the statutes on rentals and security deposits is especially helpful.
Because we do not receive very many appeals from the 300,000 small claims cases litigated each year in Indiana, I would go a bit further and answer a question posed by this appeal but not answered in the Court's opinion.
The informality of the small elaims procedure, directed by the legislature and affirmed by this Court's rules, would not countenance compulsory rejection of a legitimate claim for physical damage solely on grounds of failure to mail before the rent and damage hearing. If, for example, a landlord presented at the hearing held on day 35 a repair estimate of $90 for damage done to an apartment's dishwasher, and the former tenant acknowledged causing the damage and did not dispute that the repair estimate was reasonable, I would say that the tenant could not defeat the landlord's claim for withholding $90 from the security deposit by saying solely, "I'm entitled to have this mailed to me."
I would also say that a tenant faced with a more complicated list of physical damage claims ought to be afforded more time to look into the enumerated items of damage. Our state (and most others) has always believed that such informal approaches to small claims disputes make for substantial justice to litigants on both sides of the "versus."